Present: Carrico, C.J., Compton, Stephenson,[1] Lacy, Hassell, Keenan, and Koontz, JJ.

BEARD PLUMBING AND HEATING, INC.

v.    Record No. 970131    OPINION BY JUSTICE ELIZABETH B. LACY
                                        September 12, 1997
THOMPSON PLASTICS,
INCORPORATED, ET AL.

UPON A QUESTION OF LAW CERTIFIED BY THE
UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

Pursuant to our Rule 5:42, the United States Court of Appeals for the Fourth Circuit certified a question of Virginia law to this Court which we accepted by order entered February 18, 1997. The question involves the application of two sections of the Uniform Commercial Code, Code §§ 8.1-101 through 8.11-108 (UCC), to a case in which consequential damages are sought for breach of an implied warranty of merchantability in the absence of privity.

The following facts are set forth in the Court of Appeals' order of certification. Beard Plumbing and Heating, Inc. (Beard) was the plumbing subcontractor in a condominium development in Woodbridge, Virginia. Beard installed post-chlorinated polyvinyl chloride plumbing fittings in the homes in the project. The fittings were manufactured by Thompson Plastics, Inc. (Thompson) and NIBCO, Inc. (NIBCO) and purchased from third-party suppliers. There was no contract between the manufacturers and Beard. The fittings cracked and subsequently leaked when hot water was used in the system. The general

[1] Justice Stephenson participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1997.

contractor required Beard to replace the fittings and to repair the damage to the homes and then dismissed Beard from the job.

Beard filed suit against Thompson and NIBCO in the United States District Court for the Eastern District of Virginia, alleging both negligence and breach of warranty.[2]  Beard claimed the fittings were defective and that "certain adapters failed when they attempted to shrink around thermally-expanded metal fittings during cool-down."  Beard identified its damages as the uncompensated cost to repair the homes, loss of the remainder of its contract with the general contractor, revenue lost due to damage to business reputation, $165,878.93 which it paid to settle a lawsuit filed against it by the general contractor, and legal fees it incurred.  NIBCO and Thompson filed motions for summary judgment.  The district court granted the motions, holding that Beard's damages were economic loss damages which could not be recovered in the negligence claim and that Beard failed to "meet the basic requirements" for establishing its breach of warranty claim.  Beard appealed this ruling.

In its order of certification, the Court of Appeals determined that the district court correctly held that Beard's negligence claim was barred as a matter of law because it sought only economic damages.  Finding that no Virginia case

_____

[2] Beard also named a third-party supplier as a defendant but was granted a voluntary dismissal as to that defendant.

2

has construed § 8.2-318 to determine whether it abrogated the privity requirement for recovery of economic loss damages in negligence cases, the Court of Appeals nevertheless concluded that its own precedent and Virginia case law, particularly Blake Construction Co. v. Alley, 233 Va. 31, 353 S.E.2d 724 (1987), and Sensenbrenner v. Rust, Orling & Neale, Architects, Inc., 236 Va. 419, 374 S.E.2d 55 (1988), "strongly supports the conclusion that § 8.2-318 has not abrogated the privity requirement in negligence actions seeking recovery for economic loss."[3]  The Court of Appeals, however, determined that the district court's ruling addressed only Beard's claims for negligence and breach of the implied warranty of fitness for a particular purpose and did not resolve Beard's claim that NIBCO and Thompson had also breached the implied warranty of merchantability.

Before remanding the case to the district court for resolution of Beard's breach of the implied warranty of merchantability claim, the Court of Appeals observed that Beard's claim would be barred, as a matter of law, if privity were required to recover the damages claimed by Beard for breach of the warranty.  The Court of Appeals noted that, as in the case of negligence actions, the effect of § 8.2-318 on the privity requirement in breach of warranty actions seeking

_____

[3] The certified question does not ask that we consider or comment on this issue.

3

economic loss damages has not been considered by this Court. The Court of Appeals concluded, however, that unlike negligence actions, Virginia precedent did not provide sufficient direction for the construction of § 8.2-318 as it relates to the damages sought in this case. To resolve this issue, the Court of Appeals certified the following question to us and stated that the answer would be determinative of the proceeding pending before it:

> Is privity required to recover economic loss under Va. Code § 8.2-715(2) due to the breach of the implied warranty of merchantability, notwithstanding the language of Va. Code § 8.2-318?

To answer this question, we must first determine whether § 8.2-715(2) requires the existence of a contract for the recovery of economic loss damages in breach of warranty cases.[4]

Section 8.2-715(2) provides:

> Consequential damages resulting from the seller's breach include
>
> (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
> (b) injury to person or property proximately resulting from any breach of warranty.

This section does not address economic loss damages. However, because the Court of Appeals directed its inquiry specifically

---

[4] Although Beard asserts that its damages went beyond economic loss, our consideration of the certified question is premised on the Court of Appeals' determination in the certification order that Beard's damages are solely economic loss damages.

4

to this section, we assume that the Court of Appeals concluded that the economic loss damages claimed by Beard were consequential damages rather than direct damages.[5]  We also limit our discussion to subparagraph (a), since injury to persons or property is not involved in this case.

Section 8.2-715(2)(a) is part of the UCC, a comprehensive statutory scheme affecting commercial transactions.  Although the UCC is based on a uniform act now adopted by virtually every state, we found no case interpreting the language of § 8.2-715(2)(a) as it relates to the requirement of a contractual relationship between the parties.[6]

Nevertheless, the language of the section itself contains a presumption that there is a contract between the parties. The phrase "at the time of contracting" in subparagraph (a) conveys the understanding of a contract between two parties.

---

[5] Consequential damages are not defined in the UCC, but "are used in the sense given them by the leading cases on the subject."  § 8.1-106 cmt. 3.  Whether damages are direct or consequential is a matter of law to be determined by the court. R. K. Chevrolet, Inc. v. Hayden, 253 Va. 50, 56, 480 S.E.2d 477, 481 (1997).

[6] See, e.g., Beyond the Garden Gate, Inc. v. Northstar Freeze-Dry Mfg., Inc., 526 N.W.2d 305, 309-10 (Iowa 1995)(remote nonprivity buyers cannot recover consequential economic loss damages as a matter of policy, citing reasons given in White and Summers, Uniform Commercial Code, § 11-5, at 536 (3d. ed. 1988)); Horizons, Inc. v. Avco Corp., 714 F.2d 862, 865-66 (8th Cir. 1983)(lost profits allowed because seller, as a factual matter, had "reason to know" business requirements of buyer); Sullivan Industries, Inc. v. Double Seal Glass Co., 480 N.W.2d 623, 631-32 (Mich. Ct. App. 1991)(economic loss damages disallowed because not proved with reasonable certainty).

To assert, as Beard did at oral argument, that the purpose of the phrase is only to establish the historical moment for judging the seller's foreseeability, does not eliminate the connotation of the existence of a contract inherent in the phrase. Beard's interpretation would require substituting the word "sale" for the word "contracting," and we decline the invitation to rewrite the statute. Therefore, we conclude that § 8.2-715(2)(a) requires a contract between the parties for the recovery of consequential economic loss damages incurred as a result of a breach of warranty by the seller.

The second part of the certified question asks us to determine whether the provisions of § 8.2-318 supersede the contract requirement of § 8.2-715(2)(a). Section 8.2-318 provides in pertinent part:

> Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods[.]

The provisions of this section appear to conflict with § 8.2-715(2)(a) regarding the requirement of a contract for the recovery of consequential damages in a breach of warranty action. Rules of statutory construction, however, resolve the apparent conflict. In construing conflicting statutes, if one section addresses a subject in a general way and the other section speaks to part of the same subject in a more specific

6

manner, the latter prevails.  <u>Dodson v. Potomac Mack Sales &</u>
<u>Service, Inc.</u>, 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991).
Applying this rule, we conclude that, to the extent the two
statues conflict, § 8.2-715(2)(a) prevails.

The general subject of § 8.2-318 is the ability to raise
the common law requirement of privity as a defense.  We have
not previously construed § 8.2-318; however, we have referred
to it as modifying the common law privity rule.  <u>Ward v. Ernst</u>
<u>& Young</u>, 246 Va. 317, 325-26, 435 S.E.2d 628, 632 (1993);
<u>Copenhaver v. Rogers</u>, 238 Va. 361, 366, 384 S.E.2d 593, 595
(1989).  Similarly, commentators have considered the section
and its predecessor as eliminating the common law privity
requirement in certain instances.[7]  <u>See</u>, <u>e.g.</u>, <u>Time to Adopt</u>
<u>the Uniform Commercial Code, Report of the Virginia Advisory</u>
<u>Legislative Council</u>, H. Doc. No. 5, at 113 (1963); and 1 James
J. White and Robert S. Summers, <u>Uniform Commercial Code</u> § 11-3,
at 591 n.11 (4th ed. 1995).

The contract requirement of § 8.2-715(2)(a), however, is
not a privity requirement imposed by the common law.  Part 7 of
Title 8.2 of the UCC imposes a number of limitations and
conditions on the recovery of damages in a breach of warranty
claim.  <u>See</u>, <u>e.g.</u>, §§ 8.2-714(defining measure of damages), -
715(1)(identifying recoverable incidental damages), and -

---

[7] In 1964, former § 8.654.3 was repealed and reenacted as
§ 8.2-318 of the UCC without change.

7

719(b)(3)(ability to exclude consequential damages). The contract requirement of § 8.2-715(2)(a) is one of those limitations. Section 8.2-715(2)(a) does not address the general subject of the common law privity requirement's effect on the ability of a litigant to maintain an action for breach of warranty. It is limited to that part of the litigation dealing with the damages which may be recovered and imposes a contract requirement only where recovery of consequential damages is sought. Applying the rule of statutory construction recited above, the limited contract requirement of § 8.2-715(2) prevails over the general provisions relating to common law privity in § 8.2-318.

Accordingly, because § 8.2-715(2)(a) requires a contract between the parties for recovery of consequential economic loss damages in a claim for breach of the implied warranty of merchantability, we answer the certified question in the affirmative.

<u>Certified question answered in the affirmative.</u>