Sharin C. **BROWN,** Plaintiff,

v.

**FORD MOTOR COMPANY,** a
**Delaware corporation,**
**Defendant.**

**No. Civ.A. 298CV880.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 12, 1999.

Martin J. McGetrick, Cecil Jerry Franklin, Chandler, Franklin & O'Bryan, Charlottesville, VA, Edgar F. Heiskell, III, Charleston, WV, for plaintiff.

Richard Joshua Cromwell, McGuire, Woods, Battle & Boothe, Norfolk, VA, Paul F. Hultin, Edward Stewart, Wheeler, Trigg and Kennedy, P.C., Denver, CO, for defendant.

### ORDER

MORGAN, District Judge.

This matter came before the Court on the Plaintiff's Motion for a New Trial ("Plaintiff's Motion"). For the reasons set forth herein, the Court **FINDS** that a hearing is not necessary to address the Plaintiff's Motion. The Court further **DENIES** the Plaintiff's Motion and **ORDERS** that judgment be entered for the Defendant in accordance with the jury verdict rendered on June 2, 1999.

### I. *Factual and Procedural History*

On August 5, 1998, the Plaintiff, Sharin C. Brown ("Plaintiff" or "Brown"), filed a Complaint which named Ford Motor Company, a Delaware corporation with its principal place of business in Detroit, Michigan, as the Defendant ("Defendant" or "Ford"). The Plaintiff's Complaint alleges that Brown was injured in a rollover accident on August 12, 1996, in Suffolk, Virginia, while driving a 1991 Ford Ranger 4 × 2 pick-up truck ("Ranger"). Brown suffered multiple injuries. Two theories of recovery survived pre-trial motions and were submitted to the jury: (1) that the Defendant negligently designed and manufactured the Ranger, proximately causing Brown's injuries; and (2) that the Defendant breached implied warranties that the Ranger was fit and safe for its intended purpose. The Plaintiff sought compensatory damages, punitive damages, attorneys' fees, and court costs.

The trial began on May 24, 1999, and the jury returned a verdict for the Defendant on both claims on June 2, 1999. At that time, the Court declined to enter judgment, granting the parties leave to file post-trial motions addressing its rulings on the admissibility of evidence relating to the Plaintiff's and her passenger's use or nonuse of her seatbelt on August 12, 1996. The Plaintiff filed a Motion for a New Trial on June 15, 1999. The Defendant filed its Response on June 29, 1999, and the Plaintiff filed her Reply on July 2, 1999.

## II. *The Court's Seatbelt Ruling at Trial*

Outside of the jury's presence, the Court heard argument and ruled that Virginia Code § 46.2–1092 and § 46.2–1094(D) were in derogation of the common law of Virginia that provides that violation of a statute is ordinarily negligence *per se.* The Court also ruled that these sections were contrary to the public policy of Virginia, which encourages seatbelt use. Accordingly, the Court found that these statutes should be strictly construed. The Court further ruled that the language of the statutes dictated that evidence of seatbelt use by either the Plaintiff or the passenger was admissible for all issues before the Court except the Plaintiff's alleged contributory negligence and her alleged failure to mitigate damages. Specifically, the Court ruled that the evidence of seatbelt use or nonuse was admissible as evidence of causation as to negligence or breach of warranty as well as to product misuse.

The Court instructed the jury regarding negligence and contributory negligence. Jury Instructions 13–17. However, the Court limited evidence of the Plaintiff's seatbelt use in Jury Instruction 18, instructing the jury that:

[i]n determining certain of the issues in this case, one of the elements of evidence which you may consider is the question of whether or not the plaintiff was wearing a seatbelt when her motor vehicle rolled over.

With regard to the plaintiff's negligence claim, you may consider the use or non-use of the seatbelt in determining whether the defendant negligently designed the motor vehicle, but you may not find the plaintiff guilty of contributory negligence based upon a finding that she was not wearing her seatbelt when her motor vehicle rolled over.

With regard to the plaintiff's breach of warranty claim, you may consider the use or non-use of the seatbelt in determining whether the motor vehicle as manufactured and sold was reasonably safe when used for its intended purpose and also in determining whether the plaintiff misused the motor vehicle.[1]

Jury Instruction 18. The Court also instructed the jury regarding the Plaintiff's breach of warranty claim and the Defendant's product misuse defense. Jury Instructions 23–26.

## III. *The Plaintiff's Motion for a New Trial*

The Plaintiff's Motion contends that the Court should order a new trial because (1) admission of seatbelt nonuse is prohibited under Virginia law and (2) even if such evidence were admissible to demonstrate the total design package of the Ranger, the jury instructions failed to limit that evidence sufficiently and were thus in plain error. In support of her first contention, the Plaintiff argues that Virginia Code § 46.2–1094(D) (" § 46.2–1094(D)") bans the introduction of seatbelt evidence for any purpose in any case arising out of the operation of a motor vehicle. The Plaintiff argues that her case arose out of the operation of a motor vehicle because she could not have been injured without operating the Ranger, and the Court's construction

---

1. There was other evidence of Plaintiff's contributory negligence and misuse of the Ranger including evidence of both excessive speed for the road conditions and lack of control of the truck in a curve.

of § 46.2–1094(D) effectively limited it to the scope of Virginia Code § 46.2–1092. The Plaintiff argues that § 46.2–1094(D) has a farther reach than § 46.2–1092. She further contends that the introduction of the seatbelt evidence was harmful error which affected the jury's verdict.

In support of her second contention, the Plaintiff argues that the Court's instructions failed to explain to the jury the limited role of the evidence and that such a failure is plain error amounting to fundamental unfairness. Specifically, the Plaintiff argues that the Court's instructions failed to distinguish between misuse and negligence. Plaintiff further argues that the Court's instructions overemphasized misuse as a defense to the warranty claim, while minimizing the prohibition of seatbelt evidence in the consideration of the Plaintiff's contributory negligence. The Plaintiff cites *Siren v. Behan* for her contention that the Court mis-instructed the jury as to the limitations of the seatbelt evidence. 224 N.J.Super. 130, 539 A.2d 1244, (App.Div.), *remanded for reconsideration on other grounds,* 113 N.J. 323, 550 A.2d 442 (1988). First, the Plaintiff argues that the Court should have instructed the jury of Ford's burden to produce evidence that Ford's designers considered the availability of the seatbelt in making the decision to use the twin I-beam suspension in the Ranger. Second, the Plaintiff argues that the jury should have been instructed to factor into its deliberations whether Ford took into consideration the fact that a significant portion of the population does not wear seatbelts. These arguments were not advanced during the charging conference.

The Defendant's Response contends that the Plaintiff's Motion should be denied because: (1) her arguments are appellate in nature and insufficient to grant a new trial; (2) the Court properly applied the Virginia statutes; (3) her allegations concerning the limiting instruction are moot because the Verdict Form indicates that the jury did not consider evidence of seatbelt nonuse on the issues of contributory negligence or product misuse; and (4) the Plaintiff waived her objection to the efficacy of the Court's limiting instruction because she did not object to the instruction at trial. The Plaintiff's Reply argues that she has alleged sufficient grounds for a new trial.

## IV. *Analysis*

### A. *Federal Rule of Civil Procedure 59*

█ Federal Civil Rule of Procedure 59 ("Rule 59") permits the Court to grant a new trial in certain circumstances. Specifically, Rule 59(b) provides that "[a]ny motion for a new trial shall be filed no later than 10 days after entry of the judgment." *Fed.R.Civ.P.* 59(b). The Fourth Circuit has held in an unpublished opinion that a Rule 59 motion for a new trial may be made before the entry of judgment under the language of the rule. *Redic v. H. Watts,* Nos. 86–3824, 86–3869, 1988 WL 118149, at *3 (4th Cir. Nov.2, 1988) (unpublished opinion, cited in Table at 862 F.2d 314) (citing 6A Moore, 2d Ed. ¶ 59.09[1] at 59–221). A court must set aside a verdict and grant a motion under Rule 59 if it is of the opinion that (1) the verdict is against the clear weight of the evidence, (2) the verdict is based upon evidence that is false, or (3) the verdict will result in a miscarriage of justice, even though there may be substantial evidence that would prevent the direction of a verdict. *Atlas Food Systems and Services, Inc. v. Crane National Vendors, Inc.,* 99 F.3d 587, 594 (4th Cir.1996). Because Plaintiff's Motion alleges that entry of judgment upon the jury's verdict will result in a miscarriage of justice, the Court will consider her two contentions.

### B. *The Admissibility of the Seatbelt Evidence at Trial*

Virginia Code § 46.2–1092 provides that "[f]ailure to use the safety lap belts or a combination of lap belts and shoulder harness after installation shall not be deemed to be negligence. Nor shall evidence of

such nonuse of such devices be considered in mitigation of damages of whatever nature." Another section of the Virginia Code, § 46.2–1094(A), makes it illegal for an occupant of the front seat of a motor vehicle who is sixteen or older to fail to wear his or her seatbelt. Subsection D of § 46.2–1094 provides that

> [a] violation of this section shall not constitute negligence, be considered in mitigation of damages of whatever nature, be admissible in evidence or be the subject of comment by counsel in any action for the recovery of damages arising out of the operation, ownership, or maintenance of a motor vehicle or any relating criminal statute.

Va.Code § 46.2–1094(D).

■ In determining the applicability of § 46.2–1094(D) in a case such as this where jurisdiction is based on diversity, the Court must first consider whether it is a substantive or procedural rule of law. A federal court sitting in diversity jurisdiction must apply the substantive law of the forum state, including that state's choice of law rule. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Procedural rules generally are not subject to *Erie*, and federal law governs. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). However, a federal court may adopt a state exclusionary rule where the rule embodies substantive state policy. *See, e.g., Ricciardi v. Children's Hosp. Medical Center*, 811 F.2d 18, 21 (1st Cir.1987); *In re Air Crash Disaster Near Chicago, Illinois, on May 25, 1979*, 803 F.2d 304, 313–14 (7th Cir. 1986); *Conway v. Chemical Leaman Tank Lines, Inc.*, 540 F.2d 837, 839 (5th Cir. 1976).

■ By its own terms, the Virginia statute contemplates both substantive and procedural elements. Section 46.2–1094(D) concludes with a statement that nothing in that section shall "change any existing law, rule, or procedure pertaining to any such civil action." The first two elements of § 46.2–1094(D), concerning contributory negligence and mitigation of damages, refer to a plaintiff's substantive rights. The last element of § 46.2–1094(D), however, is procedural in that it deals with admissibility of evidence and comment of counsel.

■ Under Virginia law, statutes in derogation of the common law must be strictly construed. *Sabre Construction Corporation v. County of Fairfax*, 256 Va. 68, 501 S.E.2d 144, 147 (1998) (holding that the Public Procurement Act constituted a waiver of sovereign immunity in derogation of the common law, and thus it must be strictly construed) (citation omitted). Although prior to the enactment of § 46.2–1094(D) common law in Virginia had proscribed the admission of evidence of failure to wear a seatbelt to demonstrate the injured party's negligence in automobile cases, such evidence was admissible to reduce defendant's damages. *See Wilson v. Volkswagen of America*, 445 F.Supp. 1368, 1372–74 (E.D.Va.1978). Furthermore, § 46.2–1094(D) deviates from current Virginia common law, which provides that violation of a statute, such as the law requiring the use of seatbelts, ordinarily is negligence *per se*. Section 46.2–1094(D) is also in derogation of Virginia's current public policy of encouraging seatbelt use. Thus § 46.2–1094(D) is in derogation of state common law, and it must be strictly construed.

Neither Virginia nor the Fourth Circuit has interpreted the scope and nature of § 46.2–1094(D). A district court in the Western District of Virginia applied the Virginia statute to hold that evidence of the nonuse of a safety device cannot be used either in support of a defense to liability or in mitigation of damages. *Freeman v. Case Corporation*, 924 F.Supp. 1456, 1470 (W.D.Va.1996) *rev'd on other grounds*, 118 F.3d 1011 (4th Cir.1997) (products liability action against a tractor manufacturer holding that evidence of plaintiff's nonuse of the seatbelt was inadmissible). In *Freeman* the court stated that " § 46.2–1094(D) forbids evidence of

nonuse of seatbelts in a motor vehicle with respect to both liability and damages." *Id.* at 1469. *Freeman* differs from the instant case, however, in that the defendant there wanted to introduce plaintiff's failure to wear a safety belt as evidence of plaintiff's negligence. Here the defendant used evidence of plaintiff's nonuse of her seatbelt to demonstrate that its product, the Ranger, taken as a whole, was not negligently designed and that it was fit for its intended purpose.

While the Fourth Circuit has not had occasion to interpret § 46.2–1094(D), the Seventh Circuit discussed whether a similar North Carolina statute was a rule of evidence, and thus inapplicable in a diversity case, or whether it was a rule of substantive law, and therefore applicable. *Barron v. Ford Motor Co. of Canada*, 965 F.2d 195 (7th Cir.1992) (action against automobile manufacturer alleging negligence, strict liability, and breach of implied warranty); N.C.Gen.Stat. § 20–135.2A(d) ("evidence of failure to wear a seatbelt shall not be admissible in any criminal or civil trial, action, or proceeding except in an action based on a violation of this section."). The *Barron* court concluded that "if [their] understanding of the scope of the rule is correct, then the rule is substantive ... because it is founded on the desire of the North Carolina courts not to penalize the failure to fasten one's seatbelt." *Id.* at 200. However, the court recognized that the substantive application of the statute was narrow and did not reach the question of whether evidence of seatbelt nonuse was admissible as a defense to plaintiff's allegations of negligent design or strict liability. The court held that evidence of seatbelt nonuse was admissible for defendant to demonstrate that it was reasonable in not making the sunroof out of laminated glass because it had provided a backup system in the form of seatbelts. *Id.*

Like the Seventh Circuit, a district court in Tennessee narrowly interpreted a seatbelt statute similar to Virginia's when it held that the Tennessee statute did not allow evidence of the nonuse of a seatbelt to be considered as evidence of contributory negligence, assumption of risk, or a failure to mitigate damages. *MacDonald v. General Motors Corp.*, 784 F.Supp. 486 (M.D.Tenn.1992) (products liability claim against manufacturer of van). In designating these limited areas of inadmissibility, the *MacDonald* court held that the statute did not preclude defendant from arguing that failure to use passenger restraint constituted proximate cause. *Id.* The Tennessee statute provided that "in no event shall failure to wear a safety belt be considered as contributory negligence, nor shall failure to wear a safety belt be admissible as evidence in a trial of any civil action." *Id.* at 490 (citing Tenn.Code Ann. § 55–9–604). The court read that statute in conjunction with another statute, Tenn. Code Ann. § 55–9–605, which stated that § 604 should not be construed to create strict liability. *Id.* at 499. The Court further stated that to prevent the defendant from introducing evidence that the plaintiff's injuries were caused by being thrown from the van would be a step toward absolute liability. *Id.* The *MacDonald* court also cited *LaHue v. General Motors Corp.*, 716 F.Supp. 407, 416 (W.D.Mo.1989) (claiming defective design of car seats in products liability action against manufacturer), for the proposition that seatbelt evidence was relevant to the question of causation because a defendant should not be liable for harm which that defendant did not cause by way of a design defect. *Id.* at 499–500. The language of the Missouri statute is almost identical to Virginia's § 46.2–1094(D).

On the one hand, § 46.2–1094(D) provides that the failure to wear a seatbelt is not contributory negligence and may not be considered in mitigation of damages. On the other hand, § 46.2–1094(D) does not specifically limit seatbelt evidence in negligence or breach of warranty defective design claims, nor does it mention misuse of the product as a defense to warranty

claims. Thus § 46.2–1094(D) impacts a plaintiff's substantive rights with respect to contributory negligence and mitigation of damages, but the statute's substantive power extends no further. In its silence with respect to negligence and breach of warranty, the statute does not disturb the procedural nature of admission of evidence and comment of counsel.

Insofar as § 46.2–1094(D) provides that failure to wear a seatbelt is not contributory negligence and may not be considered in mitigation of damages, it is substantive and thus controlling under *Erie v. Tompkins*. However, insofar as § 46.2–1094(D) limits the admissibility in evidence of the failure to wear a seatbelt or counsel's comment upon such failure with regard to issues other than contributory negligence and mitigation of damages, it is procedural and not controlling in the instant case. Because the admissibility of evidence and comments of counsel are procedural matters, this portion of the statute is not controlling, and this Court will not expand the substantive provision of the statute beyond its clear and unambiguous terms.

■ The Court **FINDS** this evidence is relevant to the design and misuse issues. There is no provision in the *Federal Rules of Evidence* that would limit the admissibility of the failure to wear a seatbelt upon these issues. Therefore, the Court **FINDS** that evidence of the failure to wear a seatbelt is admissible as it relates to the issues of negligent design and manufacture, breach of warranty, and product misuse.

Prior to the enactment of §§ 46.2–1092 and 46.2–1094(D), evidence of nonuse of a seatbelt was admissible if "... the defendant can demonstrate, by competent and satisfactory evidence, the extent of the plaintiff's injuries could have been avoided by wearing a seatbelt." *Chretien v. General Motors Corp.*, Nos. 90–2090, 90–2110, 1992 WL 67356, at *4 (4th Cir. April 6, 1992) (unpublished opinion, cited in Table as 959 F.2d 231) (quoting *Wilson v. Volkswagen of Am.*, 445 F.Supp. 1368, 1373 (E.D.Va.1978)). Recognizing the substantive nature of § 46.2–1094(D)'s proscribing the admissibility of nonuse of plaintiff's seatbelt as evidence of contributory negligence or in mitigation of damages, the Court prohibited the Defendant's expert witness Dr. Robert Piziali, a bio-mechanical engineer, from testifying that the Plaintiff's failure to wear a seatbelt exacerbated her injuries or that her ejection exacerbated her injuries.[2] With respect to the negligence of design and breach of warranty claims, however, the *Federal Rules of Evidence* govern. Thus the Court allowed Dr. Piziali to testify that the Plaintiff's failure to wear a seatbelt caused her to be ejected from the Ranger, and that the way a person lands after an ejection determines the forces that act on his or her body.

The Court **FINDS** that the limited admission of evidence relating to the Plaintiff's and her passenger's use or nonuse of their seatbelts was proper under the *Federal Rules of Evidence*. Accordingly, the Court **DENIES** the Plaintiff's Motion for a New Trial insofar as it is based on the evidentiary rulings regarding seatbelts.

## C. The Jury Instruction Limiting the Use of Seatbelt Evidence

■ The Plaintiff's second argument is merely an extension of her first argument. The Plaintiff has asserted that the jury instruction limiting the use of the seatbelt evidence was plain error. The Fourth Circuit has held that "[a] motion for a new trial should not be granted ... where the moving party has failed to timely object to the alleged impropriety giving rise to the motion." *Dennis v. General Electric*, 762 F.2d 365, 367 (4th Cir.1985). As the Defendant correctly noted in its Response,

---

**2.** The Court also found that DiPiziali was not qualified to testify as an expert upon the cau-

sation or exacerbation of injuries.

the Plaintiff did not object to the Court's limiting instruction when given the opportunity to do so at the charging conference. Therefore, the Court **FINDS** that the Plaintiff failed to timely object to the content of the Court's limiting instruction Number 18 regarding evidence of whether the Plaintiff was wearing a seatbelt on August 12, 1996.

The case cited by the Plaintiff in support of her contention that this Court committed plain error with its limiting instruction held that seatbelt evidence was admissible in a defective design case for the purposes of the jury's risk-utility analysis, but ordered a new trial because of the inadequacy of the jury instructions limiting the jury's consideration of that evidence. *Siren v. Behan,* 224 N.J.Super. 130, 539 A.2d 1244, 1248 (App.Div.), *remanded for reconsideration on other grounds,* 113 N.J. 323, 550 A.2d 442 (1988). Specifically, that court held that evidence of the recommended use of the seatbelt was admissible because the jury had to consider the product as an integrated whole, including the safety aspects of the product and the user's ability to avoid danger by the exercise of care in the use of the product. *Id.* at 1248 (citation omitted). That court also held that a limiting instruction, of the nature given in the subject case, was required. *Id.*

As to the Plaintiff's breach of warranty claim, under Virginia warranty law, a seller impliedly warrants that his product will be fit for the purposes for which it is ordinarily used. *Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc.,* 254 Va. 240, 491 S.E.2d 731 (1997). If a plaintiff misused a product, he or she cannot recover for breach of a warranty. *Besser Co. v. Hansen,* 243 Va. 267, 415 S.E.2d 138 (1992).

The Court instructed the jury as to the elements of negligent design and of breach of the Defendant's implied warranty that the Ranger was reasonably safe for its intended purpose. Jury Instructions 13–16, and 23–25. The Court further instructed the jury that if it found the Plaintiff contributorily negligent, and such contributory negligence was the proximate cause of her injuries, then she could not prevail on her negligent design claim. Jury Instructions 17 and 19–22. However, the Court cautioned the jury that evidence upon the question of whether the Plaintiff was not wearing her seatbelt could not be considered in determining whether she was contributorily negligent. Jury Instruction 18. The instructions from which the jury could have found the Plaintiff contributorily negligent were not based upon the evidence that she may not have been wearing a seatbelt. As to the breach of warranty claim, the Court instructed the jury that if the plaintiff misused the motor vehicle, and such misuse was a proximate cause of her injuries and damages, then the jury should find for the Defendant. Jury Instructions 24 and 25.[3] Instruction 18 permitted the jury to consider the seatbelt evidence in deciding the misuse issue.

The Court **FINDS** that its jury instructions were proper. Therefore, the Court **DENIES** the Plaintiff's Motion for a New Trial on her second grounds. Accordingly, the Court **FINDS** that the jury's verdict of June 2, 1999, was supported by the law and the evidence, and it **DENIES** the Plaintiff's Motion for a New Trial.

### V. *Conclusion*

For the reasons set forth above, the Court **FINDS** that a hearing is not necessary to address the Plaintiff's Motion for a New Trial. The Court **ORDERS** that judgment be hereby entered for the defendant in accordance with the jury verdict.

---

**3.** Although the Court **FINDS** its instructions upon contributory negligence and product misuse proper, the special verdict form reveals that the jury found no negligent design or breach of warranty and did not consider contributory negligence and misuse of the product.

The Clerk is **REQUESTED** to send a copy of this Order to counsel for both parties.

It is so **ORDERED**.