## CIRCUIT COURT OF FAIRFAX COUNTY

Bindra et al.

v.

Michael Bowman
and Associates, Inc.,
and Parex, Inc.

Case No. (Law) 191866

BY JUDGE MARCUS D. WILLIAMS

September 19, 2001

This cause came to be heard on July 27, 2001, upon Parex, Inc.'s demurrer to Michael Bowman & Associates, Inc.'s Cross-Claim. As discussed *infra*, the demurrer is sustained.

*Background*

Plaintiffs are the owners of a home in McLean, Virginia; the house is allegedly clad with a synthetic stucco material, Exterior Insulation and Finish Systems ("EIFS"). Defendant Michael M. Bowman & Associates, Inc. ("Bowman") is the builder that constructed Plaintiffs' home. Defendant Parex, Inc., manufactured the EIFS used on Plaintiffs' home.

Plaintiffs filed their Motion for Judgment against Parex and Bowman in November 2000. Generally, the Motion for Judgment avers that Bowman represented to Plaintiffs that their house would be clad with stucco, not EIFS; that EIFS is inherently defective and was improperly installed on Plaintiffs' house; and that as a result of the defective nature of EIFS and the improper installation of EIFS on Plaintiffs' home, Plaintiffs' house has sustained, *inter alia*, excessive moisture intrusion, water damage, and wood rot. Plaintiffs'

Motion for Judgment asserts causes of action for fraud, constructive fraud, violation of the Virginia Consumer Protection Act, and false advertising against both Bowman and Parex. Plaintiffs also filed a breach of contract count against Bowman and counts alleging breach of express warranty, negligence, and negligence *per se* against Parex.

Bowman subsequently filed a Cross-Claim against Parex, asserting the following counts:

Count I: Negligence,

Count II: Breach of warranties,

Count III: Reckless misrepresentation,

Count IV: Third-party beneficiary status (regarding the contract between Parex and the EIFS installer, Coronado Stucco & Stone),

Count V: Violation of the Virginia Consumer Protection Act,

Count VI: Fraud,

Count VII: False advertising.

Parex demurred to the Cross-Claim in its entirety, and, after a hearing, this Court entered an Order on July 27, 2001, sustaining the demurrer with leave to amend as to all counts, except for Counts II and V, which were taken under advisement for further review of the following issues, discussed in turn below.

*Analysis*

I. *Whether Bowman's claim against Parex for breach of implied warranty seeks consequential damages for which there can be no recovery because of a lack of privity*

For the follow reasons, the Court finds that Bowman's claim against Parex for breach of implied warranty seeks consequential damages.

In the instant action, Bowman seeks to recover damages from Parex, a party with which it is not in privity, for breach of implied warranties, if Bowman is held liable to Plaintiffs "in any respect." Accordingly, Bowman claims that the measure of damages for Parex's alleged breach of implied warranties should indemnify it for the amount of any judgment Plaintiffs recover from Bowman.

Virginia Code § 8.2-714, which governs direct damages under the U.C.C., reads as follows:

> (1) Where the buyer has accepted goods and given notification . . . he may recover as damages for any nonconformity of tender the

loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.

(2) *The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.*

(3) In a proper case any incidental and consequential damages under the next section [§ 8.2-715] may also be recovered.

Va. Code § 8.2-714 (emphasis added).

Section 8.2-715, which governs a buyer's incidental and consequential damages, reads, in relevant part, as follows:

(2) Consequential damages resulting from the seller's breach include

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(b) injury to person or property proximately resulting from any breach of warranty.

Va. Code § 8.2-715.

Therefore, under the U.C.C., absent special circumstances (which have not been pleaded here), direct damages are the difference in value of the goods as delivered and the value the goods would have had had the goods conformed to the implied warranties. Here, although Bowman argues that the damages prayed for are direct damages,[1] Bowman seeks to recover the as-yet-to-be-determined amount it may eventually owe to a third party; in other words, Bowman seeks indemnity. Under the facts as pleaded here, such damages fall within the purview of consequential damages.

Under *Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc.*, 254 Va. 240 (1997), privity is required in order for a party to recover consequential damages for breach of implied warranties. There is no privity between Bowman and Parex; therefore, Bowman cannot recover consequential damages from Parex.

---

[1] In support of its argument, Bowman cites *Smith v. C. T. Hensley*, 202 Va. 700 (1961). However, *Smith* is distinguishable from the instant case. In *Smith*, the plaintiff and defendant were in privity with one another; this is not true in the instant case.

50

*II. Whether Bowman can recover from Parex under the Virginia Consumer Protection Act*

For the reasons stated herein, the Court finds that Bowman cannot recover from Parex under the Virginia Consumer Protection Act ("VCPA").

Virginia Code § 59.1-200 lists the practices prohibited by the Act. Assuming *arguendo* that Bowman had properly alleged one or more of the prohibited practices, the opening sentence to that section contains language that makes Bowman's claim against Parex inapplicable: "The following fraudulent acts or practices committed by a supplier *in connection with a consumer transaction* are hereby declared unlawful. . . ." Va. Code § 59.1-200(A) (emphasis added).

Virginia Code § 59.1-198 defines "consumer transaction" as "the advertisement, sale, lease, license, or offering for sale, lease, or license, of goods or services *to be used primarily for personal, family, or household purposes. . . .*" Va. Code § 59.1-198 (emphasis added). In the instant case, Bowman purchased EIFS from a third party, who purchased the EIFS from Parex. Therefore, at no point in the transactions between Bowman and Parex did any party purchase the EIFS "primarily for personal, family, or household purposes."

The Act itself defines "supplier" to include "a manufacturer . . . who . . . advertises and sells . . . goods . . . to be resold . . . by other persons in consumer transactions. . . ." Va. Code § 59.1-198. Although Parex is a "supplier" by the terms of the Act, this does not negate the plain language of § 59.1-200, which requires the prohibited practices to occur "in connection with a consumer transaction" in order for there to be a violation of the statute. See Va. Code § 59.1-200(A).

Second, although Bowman cites *Harris v. Universal Ford, Inc.*, 2001 U.S. Dist. LEXIS 8913 (E.D. Va. 2001), in support of its position, that case is distinguishable from the instant action. In *Harris*, the plaintiffs purchased a vehicle from a car dealership and later brought suit against the dealership and the entity that sold the car to the dealership ("Ford Motor Credit"). Amongst the plaintiffs' claims was a claim against Ford Motor Credit for violation of the VCPA. The instant case presents a different situation. In *Harris*, the plaintiffs were consumers within the purview of the VCPA; they purchased a vehicle for personal, family, or household use. Here, a *commercial entity* purchased goods from another commercial entity for commercial purposes, *i.e.*, the construction of a home to be *sold* by Bowman (not *lived in* by Bowman). The Cross-Claimant, Bowman, was not engaged in a "consumer transaction" when it purchased the EIFS.

Finally, the ruling in the instant case is consistent with this Court's ruling in a similar case, *Winchester Homes, Inc. v. Hoover Universal,* 27 Va. Cir. 62 (Fairfax Jan. 6, 1992). In holding that the VCPA did not apply to transactions between a builder and suppliers of Fire Resistant Treated Plywood, the Court stated:

> The Defendants' commercial transactions with Winchester do not fall within the ambit of the Act's restrictions on consumer transactions. Specifically, as sold by the Defendants, the FRTP was to be used as component parts in the construction of homes and not "primarily for person, family, or household purposes" as envisioned by the Act.

*Winchester Homes,* 27 Va. Cir. 62.

For the foregoing reasons, the Court will sustain Parex's demurrer to Counts II and V of Bowman's Cross-Claim.

February 11, 2002

This cause came to be heard on January 25, 2002, upon Parex, Inc.'s demurrer to Michael Bowman & Associates, Inc.'s Amended Cross-Claim. The Court sustained, without leave to amend, Parex's demurrer to every count of the Amended Cross-Claim, except for Count II, which the Court took under advisement. For the reasons articulated below, the demurrer is sustained.

## Background

Plaintiffs are the owners of a home in McLean, Virginia; the house is allegedly clad with a synthetic stucco material, Exterior Insulation and Finish Systems. Defendant Michael M. Bowman & Associates, Inc., is the builder that constructed Plaintiffs' home. Defendant Parex, Inc., manufactured the EIFS used on Plaintiffs' home.

Plaintiffs filed their Motion for Judgment against Parex and Bowman in November 2000 and filed an Amended Motion for Judgment in August 2001. Generally, the Amended Motion for Judgment avers that Bowman represented to Plaintiffs that their house would be clad with stucco, not EIFS; that EIFS is inherently defective and was improperly installed on Plaintiffs' house; and that as a result of the defective nature of EIFS and the improper installation of EIFS on Plaintiffs' home, Plaintiffs' house has sustained, *inter alia,* excessive moisture intrusion, water damage, and wood rot. Plaintiffs' Amended Motion for Judgment asserts causes of action for fraud, constructive fraud, violation of

the Virginia Consumer Protection Act, and false advertising against both Bowman and Parex. Plaintiffs also filed a breach of contract count against Bowman and a breach of express warranty claim against Parex.

Bowman's Amended Cross-Claim, filed against Parex, asserts the following causes of action:

Count I: Negligence,

Count II: Breach of warranties,

Count III: Reckless misrepresentation,

Count IV: Third-party beneficiary status (regarding the contract between Parex and the EIFS installer, Coronado Stucco & Stone),

Count V: Violation of the Virginia Consumer Protection Act,

Count VI: Fraud,

Count VII: False advertising.

The Court took under advisement Parex's demurrer to Count II to consider whether or not Bowman was entitled to recover direct damages for breach of implied warranty.

*Analysis*

Parex argues that Bowman is not entitled to recover direct damages[2] (*i.e.,* the difference in value as tendered and as warranted) for breach of implied warranty for three reasons.

First, Parex asserts that *Beard Plumbing and Heating, Inc. v. Thompson Plastic, Inc.,* 254 Va. 240 (1997), mandates dismissal of Bowman's direct damages claim for breach of implied warranty. However, the Court does not find *Beard Plumbing* dispositive, because it dealt only with consequential, not direct, damages. See *Beard Plumbing,* 254 Va. at 246 (stating that Va. Code § 8.2-715(2) requires privity for the recovery of consequential damages).

Parex's second contention is that Bowman is not entitled to recover under Virginia's U.C.C. direct damages statute because Bowman is not a "buyer." The direct damages statute, Virginia Code § 8.2-714, states, in relevant part:

(1) Where the buyer has accepted goods and given notification (subsection (3) of § 8.2-607) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of

---

[2] As the Court held in the letter opinion dated September 19, 2001, in this matter, Bowman is not entitled to recover consequential damages for breach of implied warranties.

events from the seller's breach as determined in any manner which is reasonable.

Virginia Code § 8.2-714. "Buyer" is defined in Virginia Code § 8.2-103 as "a person who buys or contracts to buy goods."

Parex argues that Bowman is not a "buyer," because Bowman entered into a *services* contract with Coronado for EIFS installation, and that the EIFS were merely incidental to the services contract. Both goods and services were involved in Bowman's contract with Coronado; however, it is not clear at this stage of the litigation which was the predominant aspect of the contract. Because this is a demurrer and all inferences are to be resolved in favor of the non-moving party, the Court cannot find as a matter of law that the contract between Bowman and Coronado was necessarily a services contract to which the EIFS were a mere incident.

Finally, Parex asserts that Bowman's claim is barred because Bowman failed to plead the notice required under Virginia Code § 8.2-607(3). That statute states, in relevant part:

> Where a tender has been accepted . . . the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy. . . .

Virginia Code § 8.2-607. Because failure to give notice is a bar to recovery, the Court finds that notice must be pleaded in order to properly state a cause of action for direct damages on a breach of an implied warranty claim. Therefore, the Court will sustain Parex's demurrer to Count II of the Amended Cross-Claim. Bowman is granted leave to amend Count II of the Amended Cross-Claim on the narrow issue of notice only. As noted *supra*, Parex's demurrer to all other counts of the Amended Cross-Claim have been sustained without leave to amend.