# CIRCUIT COURT OF THE CITY OF NORFOLK

139 Riverview, L.L.C.

v.

Quaker Window Products,
KBS, Inc.,
and Travelers Casualty
and Indemnity Co.

March 2, 2015

Case No. CL13-5877

BY JUDGE JERRAULD C. JONES

I write in order to communicate my ruling upon Defendant's Amended and Supplemental Demurrer. The Court heard legal argument upon pleadings to Defendant's original Demurrer at a hearing held on December 15, 2014, and reviewed all briefs filed by the parties since that time.

139 Riverview, L.L.C. ("Riverview," or the "Plaintiff") owns a building located on the waterfront in Norfolk, Virginia, which it sought to renovate in order to provide for leasable apartment spaces. Riverview contracted with KBS, Inc. ("KBS"), a contractor, for the renovation project (the "Renovation"). Pursuant to its contract with Riverview, KBS contracted with The Phoenix Corporation ("Phoenix"), for the supply and installation of windows for the Renovation. Phoenix then contracted with Quaker Window Products Co., ("Quaker Windows" or "Defendant"), whereby Quaker Windows would manufacture and supply windows to Phoenix that would meet the specifications for the Renovation.

According to Riverview's Amended Complaint, Quaker Windows provided those windows, but was negligent in its manufacturing process and the windows were defective and nonconforming to contract specifications. The defective windows were installed, and, soon after, became foggy and allowed mold and water damage to infiltrate the Renovation. Despite some repair efforts, Riverview claims, the windows remain nonconforming.

Riverview has sued all contractors and subcontractors to recover damages arising from the defective windows. Riverview has nonsuited some of its claims, but maintains its claim against Quaker Windows for breach of express warranty. Riverview claims that it was an intended third-party beneficiary of the contract between Phoenix and Quaker Windows, and seeks to enforce an express warranty in that contract.

On demurrer, the Court must admit the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va, 394, 397, 410 S.E.2d 652 (1991). The Court will not consider any factual assertions outside the pleadings for a demurrer. *See* Va. Code Ann. § 8.01-273. The Court may, however, consider any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156 (1991). The Court may also ignore a party's factual allegations that are contradicted by the terms of authentic, unambiguous documents properly part of the pleadings. *See Fun v. Virginia Military Inst.*, 245 Va. 249, 253, 427 S.E.2d 181 (1993). The Court, on demurrer in a contract action may also decide whether damages are direct or consequential as a matter of law, and bar a party from recovering damages if the pleadings do not support such a recovery. *Pulte Home Corp. v. Parex, Inc.*, 265 Va. 518, 526-28, 579 S.E.2d 188 (2003) (*citing R. K. Chevrolet, Inc. v. Hayden*, 253 Va. 50, 56, 480 S.E.2d 477 (1997)).

The first essential question presented by Defendant's Amended and Supplemental Demurrer is whether Riverview has sufficiently pleaded that it is an intended beneficiary of the contract between Phoenix and Quaker Windows.

A third party may sue to enforce the terms of a contract even though he is not a party to that contract if the contracting parties intended that the contract benefit that third party. *Environmental Staffing Acquisition Corp. v. B & R Const. Mgmt., Inc.*, 283 Va. 787, 792-93, 725 S.E.2d 550 (2012) (*citing Levine v. Selective Ins. Co. of Am.*, 250 Va. 282, 285, 462 S.E.2d 81 (1995); *Copenhaver v. Rogers*, 238 Va. 361, 367, 384 S.E.2d 593 (1989)). "[T]his third-party beneficiary doctrine is subject to the limitation that the third party must show that the contracting parties dearly and definitely intended that the contract confer a benefit upon him." *Collins v. First Union Nat'l Bank*, 272 Va. 744, 751, 636 S.E.2d 442 (2006) (*citing Caudill v. County of Dinwiddie*, 259 Va. 785, 793, 529 S.E.2d 313 (2000); *MNC Credit Corp. v. Sickels*, 255 Va. 314, 320, 497 S.E.2d 331 (1998); *Forbes v. Schaefer*, 226 Va. 391, 401, 310 S.E.2d 457 (1983)).

After the Court granted Quaker Windows's Motion Craving Oyer, Riverview provided the Limited Warranty between Quaker Windows and Phoenix for the Renovation. The Limited Warranty states in part, "Warranty applies to the original homeowner only[.]" The Limited Warranty also identifies the Project Name as "Riverview/Norfolk." In its Amended

Complaint, moreover, Riverview stated that it was the intended beneficiary of the contracts between Quaker Windows and Phoenix. The Court will not consider any other documents that are not properly part of the pleadings.

After consideration of the Amended Complaint, properly submitted documents, and applicable contract law, the Court finds that Riverview has sufficiently carried its burden, for purposes of demurrer, of showing that it is an intended beneficiary of the contracts between Quaker Windows and Phoenix.

Accordingly, the Court overrules Defendant's Amended and Supplemental Demurrer on this basis.

The second essential question presented by Defendant's Amended and Supplemental Demurrer is whether Virginia Uniform Commercial Code (UCC) applies to the Renovation and underlying contract, as pleaded by Riverview.

The UCC applies to transactions involving the sale of goods. Va. Code § 8.2-106(1). The term "Goods" includes things that are attached to, but severable from realty. Va. Code § 8.2-105(1). The Supreme Court of Virginia has found that windows used in the construction of a home may be considered "goods." *Jeld-Wen, Inc. v. Gamble*, 256 Va. 144, 148, 501 S.E.2d 393 (1998) (allowing a design defect lawsuit to go forward against a window manufacturer after a child fell through a window frame). At least two circuit courts in Virginia have found that manufacturers of products used in construction may be sued under the UCC for defects in those products. *See Stoney v. Franklin*, 54 Va. Cir. 591 (Suffolk 2001) (overruling a demurrer by construction materials manufacturers after finding that incorporation of those materials does not itself preclude UCC warranty claims); *In re Chinese Drywall Cases*, Case No. CL09-3105, 80 Va. Cir. 69 (Norfolk 2010) (ruling that plaintiffs could maintain UCC implied warranty claims against drywall manufacturers).

Here, Riverview is pursuing an express warranty claim under the UCC based on a contract between Quaker Windows and Phoenix for windows to be used in the Renovation. The windows were manufactured and supplied by Quaker Windows and installed during the Renovation, and then Riverview noticed defects with the windows and/or their installation.

Applying applicable case law, the Virginia UCC, to the pleadings here, the Court finds that that the UCC applies to Riverview's express warranty claim against Quaker Windows.

Accordingly, the Court overrules Defendant's Amended and Supplemental Demurrer on this basis.

The third essential question is whether the economic loss rule and the Limited Warranty itself bar Riverview from recovering consequential economic damages and damages in excess of the purchase price of the windows for the Renovation.

As a preliminary matter, the Court finds that pursuant to *Pulte Home Corp.*, trial courts have authority to bar recovery of certain damages at the demurrer stage under certain circumstances.

The Virginia UCC provides that parties to a contract may agree to limit the buyer's remedies. Va. Code § 8.2-719. The parties' agreement shall govern disputes arising under the contract unless the "circumstances cause an exclusive or limited remedy to fail of its essential purpose" or if a provision limiting or excluding consequential damages is unconscionable. *Id.* As to third parties, the UCC also protects intended beneficiaries by abrogating the lack of privity defense where a plaintiff brings a warranty action against a manufacturer and the manufacturer might reasonably expect plaintiff to use the goods. Va. Code § 8.2-318. Va. Code § 8.2-715(2)(a), however, requires privity as a necessary condition for recovery of consequential damages. The Supreme Court of Virginia interpreted this contract requirement to apply "only where recovery of consequential damages is sought." *Beard Plumbing & Heating, Inc. v. Thompson Plastics Corp.*, 254 Va. 240, 246, 491 S.E.2d 731 (1997).

"The economic loss rule limits recovery in tort against parties *not in privity* with the purchaser of a product to cases in which negligent manufacture or design has resulted in a product which constitutes a danger to the safety of persons or property other than the product itself." *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 424, 374 S.E.2d 55 (1988) (emphasis added). Purely economic losses are also a form of consequential damages which require privity of contract in order to allow recovery. *Beard Plumbing & Heating, Inc.*, 254 Va. at 245.

Here, in addition to claiming that the windows themselves are defective, Riverview also claims that the defective windows have caused damages to other parts of the Renovation due to moisture, leaking, and mold growth. Quaker Windows provided the windows to be used in the renovation. Alleged defects rendered those windows nonconforming and damaged other property at the Renovation.

Applying *Sensenbrenner*, any damage to other property at the Renovation must be considered purely economic consequential damages. Accordingly, the Court finds that privity of contract is required to recover these damages. Because Riverview did not contract directly with Quaker Windows and thus lacks such privity, it is barred from recovering these damages in its warranty action.

The Limited Warranty, furthermore, affects the parties' rights under the contract. The Limited Warranty states as follows:

> It is understood and agreed that Quaker's Liability, whether in contract … under any warranty … shall not exceed the return of the amount of the purchase price paid by the purchaser/

> owner and under no circumstances shall Quaker be liable for special, indirect, or consequential damages.

This document, therefore, limits the types and amount of damages Riverview can recover against Quaker Windows.

Applying applicable case law, the pleadings in this case, and the text of the limited Warranty, the Court finds that Riverview cannot recover more than the purchase price for the windows and is barred from recovering consequential damages.

Accordingly, the Court sustains Defendant's Amended and Supplemental Demurrer with respect to privity and damages.